SEYFARTH SHAW LLP
Kamili W. Dawson (State Bar No. 193264), kdawson@seyfarth.com
Adrienne E. Nelson (State Bar No. 209305), anelson@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UNITED AIRLINES EMPLOYEE WELFARE BENEFIT PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOAN WILLIAMS, | ) | Case No. CV 08 5594 MMC |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S ANSWER TO COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEY'S FEES AND COSTS** |
| v. | ) | |
| UNITED AIRLINES EMPLOYEE WELFARE BENEFIT PLAN, | ) | |
| Defendant. | ) | |
| | ) | Complaint Filed: December 16, 2008 |

Defendant United Airlines Employee Welfare Benefit Plan ("Defendant" or "the Plan") answers the Complaint for Breach of the Employee Retirement Income Security Act of 1974 (ERISA); Injunctive Relief; Prejudgment and Postjudgment Interest; and Attorney's Fees and Costs ("Complaint") filed by Plaintiff JOAN WILLIAMS ("Plaintiff") as follows:

///

///

///

///

DEFENDANT'S ANSWER TO COMPLAINT /Case No. CV 08 5594 MMC

**PRELIMINARY ALLEGATIONS**

1. Answering paragraph 1 of the Complaint, Defendant admit this action is brought under 29 U.S.C. §§1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, Defendant admits the allegations contained in paragraph 2 of the Complaint, but note the name of the Company is United Air Lines, Inc.

3. Answering paragraph 3 of the Complaint, Defendant admits it is an employee welfare benefit plan regulated by ERISA, established by United Air Lines, Inc. Defendant admits it does business in this judicial district in that it covers employees residing in this judicial district. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Defendant admits the allegations contained in paragraph 4 of the Complaint.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT UNITED AIRLINES EMPLOYEE WELFARE BENEFIT PLAN FOR DENIAL OF PLAN BENEFITS**
(29 U.S.C. §1132(a)(1)(B))

5. Answering paragraph 5 of the Complaint, Defendant incorporates by reference paragraphs 1-4, inclusive, as if set forth fully herein.

6. Answering paragraph 6 of the Complaint, Defendant admits that Plaintiff made a claim to Defendant's claims administrator, Blue Cross and Blue Shield of Illinois ("BCBS"), for medical benefits under the Plan, and that Plaintiffs' claim was denied by BCBS. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendant denies the allegations contained in paragraph 7 of the Complaint.

DEFENDANT'S ANSWER TO COMPLAINT /Case No. CV 08 5594 MMC

8. Answering paragraph 8 of the Complaint, Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Defendant admits Plaintiff exhausted her administrative remedies required by the Plan and ERISA. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained in paragraph 11 of the Complaint.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT UNITED AIRLINES EMPLOYEE WELFARE BENEFIT PLAN FOR EQUITABLE RELIEF

(29 U.S.C. §1132(a)(B)(1)

12. Answering paragraph 12 of the Complaint, Defendant incorporates by reference paragraphs 1-11, inclusive, as if set forth fully herein.

13. Answering paragraph 13 of the Complaint, Defendant admits that Plaintiff's complaint seeks (a) Restitution of all past benefits due to Plaintiff under the Plan, plus prejudgment and postjudgment interest at the lawful rate; (b) a mandatory injunction issued requiring the Plan to immediately qualify Plaintiff for medical benefits under the Plan; and (c) such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a participant under the Plan. Except as expressly admitted herein, Defendant denies the remaining allegations contained in paragraph 13 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

(All Causes of Action)

14. Defendant denies that Plaintiff is entitled to any benefits or relief whatsoever, of any kind and nature, from Defendant in connection with this action.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense - Failure to State a Claim

15. Plaintiff's Complaint, and each of its purported causes of action, fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

### Second Defense - Offset

16. Defendant allege that, to the extent it is determined that Plaintiff is entitled to recover damages or monetary relief under ERISA from the Plan, which Defendant expressly denies, said damages or monetary relief must be offset by overpayments made to Plaintiff in connection with his claim under the Plan as a result of such provisions, including but not limited to, the deduction for Social Security disability payments and the deduction of disability payments received from other insurance companies or other employee welfare benefit plans.

### Third Defense - No Arbitrary or Capricious Conduct

17. Pursuant to the terms of the Plan, Plaintiff made a claim under ERISA to BCBS, the Plan's claims administrator appointed by the Plan, which was denied by BCBS. The denial of benefits under the Plan was not arbitrary or capricious.

18. Defendant has not completed its investigation of the facts in this matter, has not completed discovery in this matter, and has not completed preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any affirmative defense contained herein at any time.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That the Court enter a judgment dismissing the Complaint and its purported causes of action against Defendant with prejudice;

3. That the Court award Defendant its costs of suit and attorneys' fees; and

1  |  4. That the Court grant Defendant such other and further relief as the Court may
2  |  deem proper.

3  |  DATED: February 27, 2009        SEYFARTH SHAW LLP

By _____
Kamili W. Dawson
Attorneys for Defendant
UNITED AIRLINES EMPLOYEE
WELFARE BENEFIT PLAN

-5-
DEFENDANT'S ANSWER TO COMPLAINT /Case No. CV 08 5594 MMC

SF1 28348831.1 / 10550-000618